# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and ) | |
| HERMAN WILLIAMS, REVENUE OFFICER ) | |
| OF THE INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Petitioners, ) | |
| v. ) | Civil No. 13-2329-STA-dkv |
| ) | |
| ROBERT BARNETT, ) | |
| ) | |
| Respondent. ) | |

## ORDER TO SHOW CAUSE

Upon the petition of the United States and the Declaration of Revenue Agent Herman Williams, including the exhibits attached thereto,

IT IS HEREBY ORDERED that the Respondent Robert Barnett appear before the Court, Clifford Davis-O'Dell Horton Federal Building, 167 North Main Street, Memphis, Tennessee, Courtroom 4, on the 11th day of July, 2013, at 3:00 p.m., to show cause why the Respondent should not be compelled to obey the Internal Revenue Service summons issued to the Respondent on August 30, 2012.

IT IS FURTHER ORDERED that:

1. A copy of this Order, together with the petition and its exhibits, shall be served in accordance with Federal Rules of Civil Procedure 4(e) and (h) upon the respondent within thirty (30) days of the date that this Order is served upon counsel for the United States or as soon thereafter as possible.  Pursuant to Rule 4.1(a), the Court hereby appoints Revenue Agent Herman Williams, or any other person designated by the IRS, to effect service in this case.

2. Proof of any service done pursuant to paragraph 1, above, shall be filed with the Clerk as soon as practicable.

3. The IRS has the "minimal burden" to show the following: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed . . . ."[1] The IRS may satisfy its burden by submitting an affidavit from the agent issuing the summons.[2] Once the IRS satisfies its prima facie burden, the respondent has the "heavy burden" either to dispute the affidavit's facts or demonstrate that enforcement would constitute an abuse of process.[3]

4. The IRS has satisfied its "minimal burden" in this case because the declaration of Revenue Officer Herman Williams shows that the investigation is being conducted for a legitimate purpose, that the inquiries may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been substantially followed.   Now the burden of coming forward has shifted to the Respondent to oppose enforcement of the summons.

5. Respondent may notify the Court, in a writing filed with the Clerk and served on counsel for the United States, at the address on the petition, at least 14 days prior to the date set for the show cause hearing, that the Respondent has no objection to enforcement of the summons.   The Respondent's appearance at the hearing will then be excused.

The Respondent is hereby notified that a failure to comply with this Order may subject him

---

[1] *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. AS Holdings Grp., LLC*, No. 12-1879, 2013 WL 1316538, at *3 (6th Cir. Apr. 3, 2013).

[2] *United States v. Monumental Life Ins. Co.,* 440 F.3d 729, 733 (6th Cir. 2006).

[3] *Id.*; *Kondik v. United States,* 81 F.3d 655, 656 (6th Cir. 1996).

to sanctions for contempt of court.

**IT IS SO ORDERED.**

             **s/ S. Thomas Anderson**
             S. THOMAS ANDERSON
             UNITED STATES DISTRICT JUDGE

             Date: May 23, 2013