UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> HERMAN WILLIAMS, REVENUE OFFICER ) <br> OF THE INTERNAL REVENUE SERVICE, ) <br> ) <br> Petitioners, ) <br> vs. ) <br> ) <br> ROBERT BARNETT, ) <br> ) <br> Respondent. ) | Civil No.:  13-cv-2329 |

## RESPONSE TO MOTION TO DISMISS

The United States of America, by and through the United States Attorney for the Western District of Tennessee, responds to Respondent Robert Barnett's Motion to Dismiss for Lack of Jurisdiction as follows:

1.   On May 22, 2013, the United States filed its Petition to Enforce Internal Revenue Service Summons for Robert Barnett. (D.E. 1)

2.   On May 23, 2013, this Court issued an Order to Show Cause, ordering Mr. Barnett to appear and show cause as to why he should not be compelled to obey the previously-issued summons. (D.E. 3-1, modified by D.E. 5)

3.   On June 24, 2013, Mr. Barnett filed his Motion to Dismiss for Lack of Jurisdiction on the basis that the United States failed or refused to provide him with "factual evidence to support a finding or opinion that the Constitution and Code actually applied" to him. (D.E. 7)

4.      Mr. Barnett asserts that this failure or refusal to provide "factual information" constitutes misconduct, the obstruction of justice, and violates his due process rights (presumably his rights to *procedural* due process). *Id.*

5.      The information sought by Mr. Barnett is irrelevant to whether he must appear and respond pursuant to a validly issued Show Cause Order, and so has no impact on this Court's jurisdiction. Such information could be relevant to an explanation Mr. Barnett might wish to proffer regarding why he should not be compelled to obey the previous summons, but the burden for producing information relating to such an explanation rests with the Respondent rather than with the government.

6.      Additionally, whether the Constitution and Code (presumably the Internal Revenue Code) apply to the Respondent is a question of law rather than of fact, and so no information was required to be provided to Mr. Barnett and the failure or refusal to provide "factual information" has no impact on this Court's jurisdiction.

7.      With respect to the claimed due process violation, the United States is not seeking to deprive Mr. Barnett of his life, liberty, or property interest through the Petition to Enforce Summons and resulting Show Cause hearing so no process is "due." Instead the government is seeking information regarding Mr. Barnett's prior failure to appear pursuant to summons in aid of an attempt to collect on a previously-determined liability (such liability having been established in a separate action about which Respondent makes no due process complaints). Mr. Barnett's due process complaints have no impact on this Court's jurisdiction.

8.      To the extent to which any process may be due with respect to this hearing, that process has been provided. Procedural due process requires notice and a hearing before the deprivation of life, liberty, or a property interest. Mr. Barnett has been provided with notice, as is obvious

from his response. Mr. Barnett is also being provided with a pre-deprivation hearing (i.e. the Show Cause hearing). Again, the jurisdiction of this Court is not implicated.

For the foregoing reasons, Respondent's Motion to Dismiss for Lack of Jurisdiction should be DENIED.

Respectfully Submitted,

EDWARD L. STANTON, III
United States Attorney

By:    s/ David Brackstone (BPR #27989)
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, Tennessee 38103
Telephone (901) 544-4231
Facsimile (901) 544-4230
David.Brackstone@usdoj.gov

## Certificate of Service

I, David Brackstone, Assistant United States Attorney for the Western District of Tennessee, do hereby certify that a copy of the foregoing Response to Motion to Dismiss was mailed, first class, postage prepaid, to Robert Barnett, *pro se*, 1011 Pheasant Hollow Drive, Cordova, Tennessee 38018, this 25th day of June, 2013.

s/David Brackstone
Assistant United States Attorney