IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA and ) | |
| HERMAN WILLIAMS, REVENUE ) | |
| OFFICER OF THE INTERNAL ) | |
| REVENUE SERVICE, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | No. 13-2329-STA-dkv |
| ) | |
| ROBERT BARNETT, ) | |
| ) | |
| Respondent. ) | |

_____

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**
_____

Before the Court is Respondent Robert Barnett's Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.E. # 7) filed on June 24, 2013. Petitioner United States of America has responded in opposition (D.E. # 8), and Respondent has filed a reply (D.E. # 9). For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On May 22, 2013, the United States filed a petition to enforce an Internal Revenue Service ("IRS") summons issued to Respondent (D.E. # 1). The Court set a show cause hearing for Tuesday, July 30, 2013, where Respondent is ordered to show cause as to why the summons should not be enforced. In his Motion to Dismiss, Respondent states that after he was served with the petition and the show cause order, he contacted counsel for the United States and demanded "any factual evidence to support a finding or opinion that the Constitution and Code actually applied to

respondent." Mot. to Dismiss 1. According to Respondent, counsel for the United States denied his request to provide this evidence. Respondent argues that counsel's refusal violates due process, constitutes obstruction of justice, and defeats this Court's jurisdiction in this case. The United States argues that the information sought by Respondent is irrelevant to whether he must appear for the show cause hearing. Furthermore, the United States contends that Respondent bears the burden to show why the Court should not enforce the IRS summons. Respondent's demand on the United States for proof of jurisdiction improperly shifts this burden to the government. The IRS argues then that Respondent has received all of the process to which he is due in this matter, that is, a hearing. In his reply, Respondent reiterates his contention that the government has the burden to "release any factual evidence" to prove the Court's jurisdiction over Respondent.

## ANALYSIS

The Court finds that Respondent's Motion to Dismiss is not well-taken. This Court has subject-matter jurisdiction to enforce the IRS summons pursuant to several sections of the United States Code.[1] Under 28 U.S.C. § 1340, this Court has "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."[2] Furthermore, 28 U.S.C. § 1345 grants this Court "original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."[3] Finally, in what are largely identical code sections, both 26 U.S.C. § 7402(b) and §

---

[1] *United States v. B & D Vending, Inc.*, 398 F.3d 728, 731 (6th Cir. 2004) (holding that district courts have jurisdiction over a petition to enforce an IRS summons under 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402(b), 7604(a)).

[2] 28 U.S.C. § 1340.

[3] 28 U.S.C. § 1345.

7604(a) state that "[i]f any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."[4]  Respondent has not shown why the jurisdictional requirements of any of these code sections are not satisfied in this case or otherwise why the Court lacks subject matter jurisdiction.  Therefore, Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

As the Court explained in its show cause order, the government has made out its *prima facie* showing for the enforcement of the IRS summons.  The government's petition established that (1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to that investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603.[5]  Because the government has carried its burden as to these elements, the burden has now shifted to Respondent to demonstrate that enforcement of the summons would be an abuse of the Court's process.[6]  Therefore, the show cause hearing will proceed as scheduled.

Respondent may notify the Court, in a writing filed with the Clerk and served on counsel for

---

[4] 26 U.S.C. § 7402(b); *see also* § 7604(a) ("If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.").

[5] *United States v. Powell*, 379 U.S. 48 (1964); *see also United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

[6] *Will*, 671 F.2d at 966.

the United States, at the address on the petition, at least 14 days prior to the date set for the show cause hearing, that the Respondent has no objection to enforcement of the summons. The Respondent's appearance at the hearing will then be excused. Otherwise, Respondent is reminded that a failure to comply with the Court's show cause order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: July 25, 2013.